THOMAS L. NELSON *vs.* GEORGE C. WINCHESTER.

Worcester. Oct. 5. — 16, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

Under the Gen. Sts. *c.* 118, § 45, providing that the judge, before whom proceedings in insolvency are pending, may order the lien created by an attachment of the property of an insolvent debtor to continue, upon application made by any person interested " on or before the day of the third meeting of creditors," taken in connection with the provision of § 75, that the third meeting of the creditors is " to be held within six months from the time of the appointment of the assignee," the application must be made on or before the day provided by law for the holding of the third meeting, and cannot be made at an adjournment of that meeting.

CONTRACT upon an account annexed. Trial in the Superior Court, without a jury, before *Knowlton,* J., who reported the case for the determination of this court, in substance as follows :

The action was commenced on August 13, 1879, and an attachment of real estate made upon the original writ. In September, 1879, the defendant was adjudged by the Court of Insolvency an insolvent debtor upon involuntary proceedings. On March 21, 1881, an order was issued for the third meeting of the creditors of the defendant, returnable April 26, 1881, on which day the meeting was held. That meeting, by three successive adjournments, was adjourned to September 27, 1881, on which day the

assignees of the defendant made application to the Court of Insolvency to order the lien created by the attachment to continue as provided by the Gen. Sts. c. 118, § 45; which application was granted, and the assignees were subsequently admitted as parties in the Superior Court to prosecute the action.

Upon these facts, the judge ruled that the action could not be maintained under the provisions of said section; and found for the defendant.

If the ruling was correct, judgment was to be entered thereon for the defendant against said assignees; otherwise, judgment was to be entered in their favor for the full amount claimed in the writ; or such other order to be made as law and justice might require.

*S. Hoar*, for the assignees.

*F. A. Gaskill*, for the defendant.

Morton, C. J. The statute provides that, "if a debtor, whose property is attached, conveys before judgment and execution in the suit any part of such property, and, subsequently thereto and before execution issues, proceedings are commenced by or against him as an insolvent debtor, or if a dissolution of an attachment under the preceding section might prevent the property attached from passing to the assignee, the judge before whom proceedings in insolvency are pending, or the court to which the process of attachment is returnable, may upon application made on or before the day of the third meeting of creditors by any person interested, and cause shown thereon, order the lien created by the attachment to continue. The action may be continued or execution stayed until the assignee is chosen and takes charge of the action. The assignee may proceed with the action and levy the execution at the cost and expense of the estate; and the amount recovered exclusive of costs due to the original plaintiff shall vest in the assignee." Gen. Sts. c. 118, § 45. Pub. Sts. c. 157, § 47.

It is clear that, under this and the next preceding section, an attachment of the property of an insolvent debtor is dissolved, and an assignee has no right to intervene in the suit and prosecute it to judgment for the purpose of securing the attached property to the estate, unless he or some person interested, "on or before the day of the third meeting of creditors," makes

application for, and obtains, an order continuing the lien created by the attachment.

In the case before us, the third meeting of creditors was called for, and held on, April 26, 1881. It was continued by successive adjournments until September 27, 1881, on which day the assignees made application for an order continuing the lien created by the attachment. We are of opinion that this application was too late, and that the judge of insolvency had no authority to order the lien to be continued. The attachment was already dissolved by the failure to make application within the time limited by the statute.

The St. of 1838, *c.* 163, § 5, provided that the assignment should dissolve attachments of the debtor's property, but made no provision for continuing the liens for the benefit of the estate. The object was that the attached property should come to the estate to be distributed among all the creditors; but it was found, practically, that, in many cases, the effect of dissolving attachments was that the attached property went to the benefit of subsequent purchasers, or creditors having liens subsequent to the attachment, thus defeating the object of the statute. To remedy this evil, it was provided by the St. of 1841, *c.* 124, § 5, that, if it appeared to the judge of probate or master in chancery, before whom insolvency proceedings were pending, that the dissolution of any attachment would prevent the attached property from passing to the assignees, the attachment upon his order should survive, and the assignees might proceed with the suit, and the amount recovered should vest in them. This statute and the amendment thereof by the St. of 1855, *c.* 66, contain no limitation of time within which the order continuing the attachment might be made. The result was, that, in many cases where the attached property was claimed under a subsequent purchase or lien, the title to the property was uncertain and unsettled for an indefinite period of time.

To obviate this difficulty, the St. of 1857, *c.* 247, was passed, by which it was enacted that the attachment shall be held to be dissolved by the assignment, unless the order continuing it "shall be obtained or applied for, by some person interested, on or before the day of holding the third meeting of the creditors." The General Statutes, which govern this case, use the language,

" on or before the day of the third meeting of creditors," but it is clear that the intention of the Legislature was to reënact and not to alter the sense of the St. of 1857.

These provisions are in the nature of a statute of limitations. The object of the Legislature was to fix a reasonable time within which the assignees or other persons interested should apply for an order to continue the attachment for the benefit of the estate. It is most natural that in this, as in other statutes of limitation, it should fix a definite and certain, and not a fluctuating and uncertain period of limitation. The statute provides that the third meeting is " to be held within six months from the time of the appointment of the assignee." Gen. Sts. c. 118, § 75. Taken in connection with this, the provision that an application for an order to continue an attachment shall be made " on or before the day of holding the third meeting," or " on or before the day of the third meeting," seems to us to mean that the application must be made on or before the day provided by law for the holding of the third meeting. The third meeting may be adjourned for months or for years. The several adjournments constitute but one meeting, and, as a general rule, anything required to be done at the third meeting may be done at any adjournment thereof. *Rice* v. *Wallace*, 7 Met. 431.

If the statute were that the application for an order to continue the attachment may be made at or before the third meeting, there would be strong grounds for holding that it might be made at any adjournment of the third meeting. But the statute does not so provide. The words, " on or before the day of the third meeting," or " on or before the day of holding the third meeting," do not require the same construction as if the words used were " at the third meeting." On the contrary, they import, by their fair construction, that the Legislature intended to limit the time within which such application must be made, by fixing a definite day, namely, the day when by law the third meeting is to be held, as the last day of the period of limitation.

We are of opinion that the ruling of the Superior Court was correct.                                      *Judgment for the defendant.*